IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERRON KENT DUCKETT, #1920602 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1167 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Herron Kent Duckett, a prisoner currently confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed two applications for writ of coram nobis (Dkt. ##37 and 38), after the entry of final judgment (Dkt. #31), seeking to challenge his felony conviction on various grounds. The above-styled and numbered civil action was heretofore referred to United States Magistrate Judge K. Nicole Mitchell. Judge Mitchell issued a Report and Recommendation concluding that Mr. Duckett's applications for writs of coram nobis should be denied. (Dkt. #40).

## Factual Allegations

In 2014, a jury convicted Mr. Duckett of the offense of evading arrest with a vehicle, and further found that he used or exhibited a deadly weapon during the commission of or the immediate flight from the offense of evading arrest in a vehicle. The jury assessed punishment at forty years of imprisonment in the Texas prison system.

The Sixth Court of Appeals affirmed the judgment. *Duckett v. State*, No. 06-14-00060-CR, 2015 WL 996188 (Tex.App.—Texarkana 2015, pet. ref'd). On June 24, 2015, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Duckett v. State*, No. PD-0358-15 (Tex. Crim. App. 2015).

His application for federal habeas relief was denied on the merits. *Duckett v. Director*, No. 6:16cv1167 (E.D. Tex. May 27, 2018), *coa denied*, *Duckett v. Davis*, No. 18-40589 (5th Cir. Mar. 20, 2019). Dissatisfied with the outcome of his federal habeas case, Mr. Duckett filed two applications for a writ of coram nobis (Dkt. ##37 and 38) on grounds that his trial counsel provided ineffective assistance of counsel. Mr. Duckett specifically complains that his trial counsel provided ineffective assistance of counsel by: (1) failing to strike a juror that had relatives who worked as law enforcement officers, (2) requesting the wrong lesser-included-offense statute for the crime that was charged, and (3) failing to conduct a sufficient factual investigation to defend against the enhancement of a deadly weapon finding.

## Report of the Magistrate Judge

After reviewing Mr. Duckett's applications for writ of coram nobis, Judge Mitchell concluded that the applications for writ of coram nobis should be denied because: (1) Mr. Duckett was still in custody, *see United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (explaining that the extraordinary remedy of coram nobis may be appropriate when the petitioner is no longer in custody and "can demonstrate that he is suffering from civil disabilities as a consequence of the criminal convictions and the challenged error is of sufficient magnitude to justify the extraordinary relief") (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)); and (2) a federal district court cannot grant coram nobis relief with respect to a state court judgment. *See Sinclair v. State of Louisiana*, 679 F.2d 513, 515 (5th Cir. 1982) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis …").

## Plaintiff's Objections to the Report and Recommendation

Mr. Duckett argues in his objections (Dkt. #42) that a writ of coram nobis may be appropriate regardless of whether he is in custody or not and that a federal court can grant coram

nobis relief with respect to a state court judgment when it involves violations of constitutional law. Mr. Duckett then presents his arguments regarding his ineffective of assistance claims.

<u>Discussion and Analysis</u>

Mr. Duckett's first objection that a writ of coram nobis is appropriate regardless of his in-custody status is overruled. The writ of coram nobis is intended to provide a way to attack a criminal conviction for a person who is no longer "in custody" and therefore, cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241. *See United States v. Morgan*, 346 U.S. 502, 507 (1954). As Mr. Duckett is "in custody," he has a means to attack his criminal conviction under § 2254 or § 2241 as appropriate, notwithstanding barriers to proceeding because of the statute of limitations or successive petition issues.

Mr. Duckett's second objection that the federal court has jurisdiction to grant a writ of writ of coram nobis regarding his state court conviction is overruled. Because this court did not sentence Mr. Duckett and since the function of the writ of error coram nobis is to permit a court to review its **own** judgment because of alleged errors not evident on the face of the record, Mr. Duckett's writ of error coram nobis filed with this federal court is inappropriate and therefore must be denied. *Back v. Amarillo Police Dep't*, 673 F. App'x 458, 458 (5th Cir. 2017) (holding a writ of coram nobis "can only issue to aid the jurisdiction of the court in which the conviction was had") (citing *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982)). Moreover, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Id*.

As to Mr. Duckett's complaints regarding ineffective assistance of counsel, the court fully addressed his ineffective assistance claim regarding his trial counsel's alleged failure to investigate a defense against the enhancement of a deadly weapon finding—e.g., the vehicle was incapable of reaching speeds beyond 75 miles per hour—in the Report and Recommendation (Dkt. #21) and

Order of Dismissal (Dkt. #30). The court also fully addressed his ineffective assistance of counsel claims against his state appellate counsel regarding the alleged failure to preserve errors such as: (1) lesser included offense, (2) demographics of the jury with a Batson challenge, and (3) where the State failed to provide timely notice regarding its intent to pursue an enhancement to his conviction. (See Dkt. ##21, 30).

The court will not consider Mr. Duckett's two new claims of ineffective assistance claims—(1) failing to strike a juror that had relatives who worked as law enforcement officers, and (2) requesting the wrong lesser-included-offense statute for the crime that was charged— within the context of a writ of coram nobis as this court lacks jurisdiction to grant the writ attacking a state court judgment. *Sinclair*, 679 F.2d at 514.

Even if this court were to treat Mr. Duckett's writs of coram nobis as a writ of habeas corpus, this court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit grants him permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838. Mr. Duckett has not shown that he has received permission from the Fifth Circuit to file a successive petition. Moreover, a review of the Fifth Circuit's case information website reveals that he has not been granted permission to file a second or successive petition. If the writs of coram nobis were treated as a federal petition for writ of habeas corpus, the petition should be dismissed for lack of subject matter jurisdiction.

Mr. Duckett's objections to the Report and Recommendation are overruled. Judge Mitchell appropriately found that Mr. Duckett's two applications for writ of coram nobis should be denied.

<u>Conclusion</u>

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Duckett to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Duckett's objections are without merit. The court, therefore, adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the Report and Recommendation (Dkt. #40) is **ADOPTED**. It is further

**ORDERED** that Mr. Duckett's applications for writs of coram nobis (Dkt. ##37 and 38) are **DENIED** in accordance with the Report and Recommendation (Dkt. #40). A certificate of appealability is **DENIED**.

**So Ordered and Signed**
**Aug 21, 2019**

_____
Ron Clark, Senior District Judge